UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:16-CR-00962-1 |
| | § | |
| GEORGE JASON CRUMBOCK | § | |

**FINDINGS AND RECOMMENDATION
ON PLEA OF GUILTY**

Senior United States District Judge Janis Graham Jack referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On January 17, 2017, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Count One (1) of the indictment pursuant to a written plea agreement. The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

    1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

    2.    The defendant was advised that Count One (1) of the indictment charged a violation of Title 21, United States Code, Section 846 which makes it unlawful for a person to knowingly and intentionally conspire and agree with other persons to possess with the intent to distribute a controlled substance. The defendant was further advised that the indictment alleged a conspiracy involving more than fifty (50) grams of

methamphetamine, a Schedule II, controlled substance.  He was informed the indictment alleged fifty-six (56) grams of methamphetamine.

    3.    The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, and the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt.  The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

    4.    The defendant was advised that the United States must prove: (1) That two or more persons, directly or indirectly, reached an agreement to possess a controlled substance with the intent to distribute; (2) That the defendant knew of the unlawful purpose of the agreement; (3) That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; (4) That the overall scope of the conspiracy involved more than fifty (50) grams of methamphetamine; and (5) That the defendant knew or reasonably should have known that the scope of the conspiracy involved more than fifty (50) grams of methamphetamine; in this case approximately 56 grams of methamphetamine.

    5.    The defendant was advised that the penalty range for this offense included a mandatory minimum 10 year period of imprisonment and a maximum of up to life imprisonment, without probation, parole or a suspended sentence, a fine not to exceed $10 million, at least 5 years of supervised release that could last the rest of his life, and that any violation of supervised release could result in an additional prison term of up to 5 years.

The defendant also was advised that even if he received the maximum sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to the maximum revocation sentence again.  The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release.

The defendant was provided a copy of Court's Exhibit 1, listing all of the standard and special conditions of supervision.  The defendant was instructed to read and discuss the exhibit with defense counsel prior to sentencing.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction.

6. The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

The U.S. Probation Department and the Assistant U.S. Attorney set forth the Federal Sentencing Guideline adjustments and specific offense characteristics that may affect the defendant's sentence. The defendant and the defense counsel said they understood and had discussed these matters.

7. The defendant was advised that his written plea agreement with the United States included a promise that the United States would recommend maximum credit for acceptance of responsibility and a sentence within the applicable guideline range as decided by the District Court and a recommendation that any remaining counts be dismissed at the time of sentencing. If the defendant provided substantial assistance, the United States may move for a downward departure for substantial assistance pursuant to U.S.S.G. §5K1. The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence.

8. The plea agreement in this case does not include a waiver of the defendant's appellate rights or his right to file a motion collaterally attacking his sentence pursuant to 28 U.S.C. § 2255.

9. The defendant was advised that conviction of this offense would cause him to lose certain rights he has as a citizen, such as the right to possess and own firearms, the right to vote, the right to serve on a jury, and the right to hold public office, and the defendant stated that he understood and had discussed these matters with his attorney.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and

voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of conspiracy to possess with the intent to distribute more than fifty (50) grams of methamphetamine, approximately 56 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) as alleged in Count One (1) of the Indictment. The defendant agreed with the factual basis provided by Assistant United States Attorney during the plea proceedings. The factual basis covers each of the elements on the offense and established the Defendant is guilty of Count One.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty of Count One (1) as charged in the indictment.

Respectfully submitted this 17th day of January, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*